**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-15-01557-001-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Marco Salomon-Macias, | |
| Defendant. | |

Before the Court is Defendant's Motion for Judgment of Acquittal.  (Doc. 86.) The motion is fully briefed.  For the reasons below, the motion is denied.

## BACKGROUND

On July 22, 2016, after a jury trial, Defendant Marco Salomon-Macias was found guilty of Attempted Reentry of a Removed Alien, 8 U.S.C. § 1326(a) and (b)(1).  On August 19, 2016, Defendant moved for judgment of acquittal pursuant to Fed. R. Crim. P. 29, (Doc. 86), arguing that the evidence adduced at trial was insufficient to prove beyond a reasonable doubt that Defendant crossed into the United States with the specific intent to enter the country free from official restraint.

During trial, Border Patrol Agent (BPA) George Rodriguez testified that on the morning of October 16, 2015, he was sitting in a marked Border Patrol truck along the U.S.-Mexico border when he saw Defendant climb over the border fence and walk directly toward him.  (Doc. 85 at 21.)  Rodriguez drove toward Defendant, and when they

met, BPA Rodriguez got out of his vehicle, identified himself, and began to question Defendant.  (Doc. 85 at 22.)  According to BPA Rodriguez, Defendant admitted that he jumped the border fence, that he knew it was illegal to jump the fence, and that he did not have documents allowing him to legally be in the United States.  (*Id.*)  Rodriguez also testified that Defendant said he was going to Yuma.  (*Id.* at 24.)  After Defendant was apprehended and transported to the Yuma Border Patrol Station, BPA John Brooks interviewed him.  Agent Brooks also testified that Defendant said he planned to travel to Yuma, Arizona.  Defendant signed an affidavit denying any fear or concern about being returned to Mexico.  (Doc. 87-1.)

When Defendant testified at trial, he denied telling the agents that he planned on travelling to Yuma, Arizona.  He said that he crossed the border out of fear because someone in Mexico flashed a handgun at him.  Defendant also stated that he asked BPA Rodriguez for help.  According to BPA Rodriguez's testimony, Defendant did not tell him about an alleged incident involving a gun or ask for assistance.  (Doc. 85 at 26-27.)

## LEGAL STANDARD

Under Rule 29, the Court "must enter a judgment of acquittal on any offense for which the evidence is insufficient to sustain a conviction."  Fed. R. Crim. P. 29(a).  "The evidence is sufficient to support a conviction if 'viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *United States v. Milwitt*, 475 F.3d 1150, 1154 (9th Cir. 2007) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

## DISCUSSION

The Ninth Circuit has identified the elements of the crime of attempted illegal reentry as:

> (1) the defendant had the purpose, i.e., conscious desire, to reenter the United States without the express consent of the Attorney General; (2) the defendant committed an overt act that was a substantial step towards reentering without that consent; (3) the defendant was not a citizen of the United States; (4) the defendant had previously been lawfully denied admission, excluded, deported or removed from the United States; and (5)

the Attorney General had not consented to the defendant's attempted reentry.

*United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1196 (9th Cir. 2000) (en banc); *see also United States v. Lombera-Valdovinos*, 429 F.3d 927, 928 (9th Cir. 2005) ("[b]ecause an alien has not 'reentered' unless he has done so free from official restraint, the requirement of specific intent for this attempt crime means that to be found guilty, a defendant must have the specific intent to reenter free from official restraint."). If a defendant crosses the border with the intent only to be imprisoned, it is impossible to convict the defendant for attempted illegal reentry. *Lombera-Valdovinos*, 429 F.3d at 928. If a defendant intends to sneak into the country and changes his plans only when he is spotted by border patrol, however, he is guilty of the offense. *Id.* at 930.

Viewing the evidence in the light most favorable to the prosecution, the Court finds that rational jurors could have found that Defendant climbed over the border fence to enter the United States with the intent to travel to Yuma. Two witnesses testified that Defendant admitted to them that was his intent. Defendant's behavior was also inconsistent with someone who feared for his life and was seeking protective custody given that he casually walked toward Border Patrol—he did not run and seek the help of BPA Rodriguez or report any threats. (Doc. 87 at 5.) Defendant initially denied any fear of returning to Mexico and presented no other evidence tending to establish the credibility of having a handgun "flashed" at him. Further, in light of the other evidence, the fact that Defendant did not flee from arrest does not lend credibility to his claim that he entered the United States to avoid harm. Based on the testimony of both Border Patrol agents that Defendant told them that he intended to go to Yuma, and Defendant's own signed affidavit denying any fear of being returned to Mexico, a rational trier of fact taking the evidence in the light most favorable to the prosecution could have found beyond a reasonable doubt that the Defendant entered the United States with the specific intent to be free from official restraint.

**IT IS ORDERED** that Defendant's Motion for Judgment of Acquittal, (Doc. 86), is **DENIED**.  Sentencing set for October 24, 2016, at 9:00 a.m. is **AFFIRMED**.

Dated this 29th day of September, 2016.

Douglas L. Rayes
United States District Judge